**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO. 1:08-CV-22278-GOLD/McALILEY**

KIRK DAVID, on behalf of himself and
others similarly situated,

        Plaintiff,

  vs.

AMERICAN SUZUKI MOTOR
CORPORATION and SUZUKI MOTOR
CORPORATION,

        Defendants.

**PLAINTIFF'S AND DEFENDANTS' JOINT MOTION AND SUPPORTING**
**MEMORANDUM FOR PRELIMINARY APPROVAL OF**
**CLASS ACTION SETTLEMENT**

## I.    INTRODUCTION

The parties have entered into a settlement agreement that achieves an excellent

result for the putative class in this case concerning thousands of motorcycles

manufactured and distributed by American Suzuki Motor Corporation and its Japanese

parent corporation, Suzuki Motor Corporation (collectively, "Suzuki").  In September

2009 plaintiff and Suzuki began settlement discussions to determine whether the claims

could be resolved in a fair and reasonable manner: the parties sought and obtained a

stay of the case management deadlines in order to work toward settlement.  *See* Order

granting Joint Motion for Stay. [D. E. 87].  After extended and intense negotiations, as

well as an all-day mediation session with mediator Antonio Piazza in Maui, Hawaii, the

parties file with this Motion a Stipulation of Settlement (the "Stipulation"), dated January 26, 2010.  The Stipulation is attached as Exhibit 1.

The Stipulation provides for substantial remedies in addition to the benefits conveyed by the Safety Recall Program.  First, the Stipulation provides economic relief to the putative Class, including a credit toward the purchase of a new Suzuki motorcycle or toward parts, accessories, or service on existing Suzuki motorcycles.  Suzuki has also agreed to extend the frame warranty to ten (10) years from the date of the application of the Safety Recall Campaign remedy for the motorcycles that are at issue in this litigation.  Lastly, Suzuki has agreed to submit to arbitration in those instances where Class Members' motorcycles suffered damage or were destroyed.

At the preliminary approval stage, the Court need only "make a preliminary determination of the fairness, reasonableness, and adequacy of the settlement."  *See* David F. Herr, Annotated *Manual for Complex Litigation* §21.632, at 321 (4th ed. 2005) (hereinafter "*Manual*").  In doing so, the Court reviews the settlement only to determine that the settlement is not collusive and addresses the requirements of Rule 23 for all concerned.  *See Holman v. Student Loan Xpress, Inc.*, 2009 U.S. Dist. LEXIS 113491 (M. D. Fla. November 19, 2009).

The Stipulation is the product of difficult negotiations involving parties in the United States and in Japan, and will fairly resolve this litigation through the conditional certification of a settlement class comprised of all persons who owned or leased a 2005 or 2006 model year Suzuki GSX-R1000 motorcycle (the "Settlement Class") as detailed below.  The proposed Settlement Class meets all of the requirements of certification of a settlement class, and the proposed class notice program satisfies all of the

requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and 23(e)(1-3), providing the best notice practicable under the circumstances to the members of the Settlement Class.

In connection with the Court's consideration of the proposed class action settlement, Plaintiff seeks entry of an Order in the form set forth in Exhibit 2. Defendants have agreed to entry of an Order having the substance set forth in this proposed Order and also approved the proposed text of the Notice to be mailed to affected Class Members.  The undersigned counsel represent to the Court that all parties to the Settlement Stipulation consent to the entry of the proposed Order and to the form of the proposed Notice.

The parties therefore move this Court for an order 1) conditionally certifying the Settlement Class; 2) granting preliminary approval of the proposed settlement; 3) approving the proposed notice program and directing that notice be disseminated to the Settlement Class as provided therein; 4) appointing Lead Counsel for Plaintiffs to serve as Class Counsel; and 5) appointing Heffler Radetich & Saitta, LLP as the Claims Administrator.

## II.    BACKGROUND

### A.    Prior Proceedings

Plaintiff Kirk David filed this action on August 13, 2008, on behalf of a putative class of owners and lessor of model year 2005 and 2006 GSX-R1000 motorcycles made and sold by Suzuki.  26,082 such motorcycles were sold in the United States and its territories.  Six months later, on January 21, 2009, Suzuki initiated a voluntary recall of the 2005 and 2006 Suzuki GSX-R1000 motorcycles at issue in this litigation.

Defendants initiated the recall by identifying the owners of all those motorcycles – all members of the putative class sought to be certified herein – throughout the United States of America.  Under the Safety Recall Campaign, Suzuki offered to install a brace on the frames of 2005 and 2006 Suzuki GSX-R1000 motorcycles.  Plaintiff alleged that the Recall repair was inadequate and did not address the design defect at the heart of this litigation.

Defendants American Suzuki Motor Corporation and Suzuki Motor Corporation each filed separate motions to dismiss pursuant to Federal Rule of Civil Procedure 12, and Suzuki Motor Corporation additionally filed a Motion to Strike Plaintiff's Nationwide Class Allegations.  In an order dated June 16, 2009, the Court granted in part and denied in part the defendants' motions.   [D.E. 60].   The Court also converted Defendants' Motion to Dismiss Plaintiff's Express Warranty claims to a motion for summary judgment, and ordered additional briefing and, eventually, discovery.  *Id.*

Before and after the motions to dismiss were decided the parties engaged in significant informal discovery.  Plaintiff also served comprehensive discovery requests on Defendants pertaining to the issues directed by the Court, and thereafter engaged in contentious motion practice over the scope and substance of discovery.

In addition, plaintiff consulted engineering and other experts to help formulate and substantiate the claims in their case in preparation for a motion for class certification, for dispositive motions, and ultimately for trial.

## B.    History Of Negotiations Leading Up To The Settlement

The Stipulation is the product of intense arm's-length negotiations that began with direct negotiations between the parties and culminated in a mediation.  The parties

held a day-long mediation session with mediator Antonio Piazza in Maui, Hawaii, on November 11, 2009, which ultimately resulted in the settlement terms embodied in the Stipulation.

During the negotiations and the mediation, the parties did not address attorneys' fees until all of the substantive terms of the class settlement had been agreed upon. The parties respectfully submit the Stipulation that resulted from these lengthy discussions to the Court for preliminary approval.

The proposed Order, submitted with this motion, provides for, *inter alia*:

1.    Setting a hearing date for purposes of considering the proposed settlement, plan of allocation, and petition of Class Counsel for an award of attorneys' fees and reimbursement of expenses;

2.    Setting the date by which affected Class Members must file any objections to the proposed partial settlement, plan of allocation, or requests for award of attorneys' fees and reimbursement of expenses; and

3.    Disseminating notice to the Settlement Class in substantially the same form as Exhibit 1 to the proposed Order, to all affected Class Members by direct mail, through publication, and using the Internet.

**III.    THE PROPOSED SETTLEMENT CLASS SATISFIES THE REQUIREMENTS FOR CONDITIONALLY CERTIFYING A SETTLEMENT CLASS**

**A.    The Proposed Settlement Class, Class Representatives, and Lead Counsel**

The parties request that the Court conditionally certify, under Federal Rule of Civil Procedure 23(b)(3) the Settlement Class defined as follows:

[A]ll persons and entities within the United States and its territories who owned or leased a 2005 or 2006 model year Suzuki GSX-R1000

motorcycle during the period August 13, 2008 through the date of Preliminary Approval.  If ownership was transferred during the Settlement Class Period, any right to benefits under this Settlement shall inure solely to the benefit of the current registered owner as of the date of Preliminary Approval

Stipulation, at p. 4.

The following persons would be excluded from the Settlement Class:

Excluded from the Settlement Class are Suzuki employees and those persons who have executed releases releasing Suzuki from liability concerning or encompassing any or all claims that are the subject of the Action.   Also excluded are any Class Members who have pending litigation against Suzuki encompassing any or all claims that are the subject of the Action as of the date of Preliminary Approval.

Stipulation, at p. 4.

The parties also move the Court to designate named plaintiff Kirk David as Class Representative of the Settlement Class.  Suzuki agrees that the named plaintiff satisfies the requirements for Settlement Class representative, and Suzuki agrees to the appointment of Class Counsel as satisfying Rule 23(g).

### B.   The Requirements For Certification Of A Rule 23(b)(3) Settlement Class Are Satisfied

The Eleventh Circuit has recognized that certifying a class to resolve class action lawsuits is a common occurrence.  *See, e.g., Strube v. Am. Equity Inv. Life Ins. Co.,* 158 Fed. Appx. 198 (11th Cir. 2005) (citing *Piambino v. Bailey,* 757 F.2d 1112 (11th Cir. 1985).  There exists "an overriding public interest in favor of settlement, particularly in class actions that have the well-deserved reputation as being most complex." *Assoc. for Disabled Am., Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 466 (S.D. Fla. 2002).  When presented with a proposed settlement, a court must first determine whether the proposed settlement class satisfies the requirements for class certification under Rule

23.  In assessing those class-certification requirements, however, a court may properly consider that there will be no trial.  *See Amchem Prods., Inc. v. Windsor*, 521 US. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems… for the proposal is that there be no trial.").

### 1.  The Settlement Class Satisfies Rule 23(a)

The parties agree that the proposed Settlement Class satisfies the four requirements of Rule 23(a) for the purpose of settlement.  Numerosity is evidenced by the fact that more than 26,000 motorcycles come within the definition of Qualifying GSX-R1000 in the Stipulation.  *See* Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986) (The numerosity requirement of Rule 23(a) is satisfied by the impracticability of joinder, which is generally presumed if a putative class amounts to more than forty individuals).  Commonality for purposes of the Stipulation and Rule 23(a) exists among plaintiff and the Settlement Class.  The common questions are whether the claims that might be asserted on their behalf have been settled on terms that are fair, reasonable, and adequate.  The parties agree that, for purposes of settlement, the named plaintiff satisfies the typicality requirement.  Finally, the difficult, arms-length negotiations that followed discovery and motion practice demonstrates that Class Counsel and the named plaintiff adequately represented the Settlement Class.

In considering the adequacy requirement of Rule 23(a), the Court should resolve two questions:  1) do the named plaintiff and his counsel have any conflicts of interest with other class members; and 2) will the named plaintiff and his counsel prosecute the action vigorously on behalf of the class?  *See Veal v. Crown Auto Dealerships, Inc.*,

2007 U.S. Dist. LEXIS 68133 (M.D. Fla. September 14, 2007).

The Stipulation in this case avoids conflicts of interests because each member of the Settlement Class will benefit from the extended warranty provisions of the Stipulation, and all members of the Settlement Class are entitled to some form of compensation. Class members will obtain economic benefit in the form of purchase and service credits. Arbitration Claimants, whose motorcycles suffered damage, will have the opportunity to arbitrate the question of whether Suzuki is responsible for any damage to their Qualifying GSX-R1000 by reason of the alleged frame design defect which is the subject of this Action, and is not otherwise remedied by the Safety Recall or by trade-in and purchase credit.

Furthermore, the named plaintiff has demonstrated vigorous prosecution of the Settlement Class claims, as described above. Proposed Class Counsel have represented the interests of the proposed Class in motion practice on both procedural issues as well as on the merits. Accordingly, for purposes of the Stipulation, the parties agree that the named plaintiffs and Class Counsel are adequate representatives of the Settlement Class under Rule 23(a)(4).

### 2.    The Settlement Class Satisfies Rule 23(b)(3)

As for the Rule 23(b)(3) factors, Suzuki does not dispute that the predominance requirement is satisfied in the context of the proposed settlement. As the United States Supreme Court has explained, a settlement class need not be manageable as a *trial* class action in order to be certified as a *settlement-only* class. *Amchem*, 521 U.S. at 619. This, irrespective of whether this case would be maintainable as a trial class, it can be certified as a settlement class because all of the requirements of Rule 23(a) and

all of the requirements of Rule 23(b)(3) have been met in the settlement context.

**IV.   THE PROPOSED SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE, AND SHOULD BE PRELIMINARILY APPROVED**

**A.   The Standard For Preliminary Approval**

Settlement of complex class actions prior to trial is strongly favored.   *See, e.g. Assoc. for Disabled Am., Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 466 (S.D. Fla. 2002) (citations omitted).   The preliminary approval process requires the Court to "make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms…."   *Manual*, §21.632, at 321.   At this stage, the Court must only conduct a *prima facie* review of the relief and notice provided by the Stipulation to determine that notice should be sent to the Settlement Class Members.   *Id.*   The Court's review should be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable, and adequate to all concerned.   *See Rutstein v. Avis Rent-A-Car Sys.*, 211 F.3d 1228, 1233 (11th Cir. 2000).   In making that determination, the Court should evaluate the fairness of the settlement in its entirety.   *See Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006).

**B.   The Terms Of The Proposed Settlement**

Under the terms of the Stipulation, Suzuki has agreed to extend the frame warranty for every Qualifying GSX-R1000 to ten (10) years from the date of repair under the Safety Recall Campaign. This represents an extremely valuable form of compensation that inures to the benefit of all Class Members, and would not necessarily be available if plaintiff were to prevail on all claims asserted in the Complaint.   The

extension of the warranty also serves to support and provide protection to class members choosing the remedies under the Safety Recall Campaign.  The parties disputed the adequacy of those remedies and a meaningful extension of the frames' warranty helps to assure and protect class members.

In addition, subject to the limits set forth in the Stipulation, each Class Member is entitled to claim economic relief from Suzuki.  *See* Stipulation, at ¶ 9.  This economic relief benefits those wishing to replace their Suzuki motorcycles with a new one, as well as those wishing to keep their current Suzuki motorcycles.  Suzuki will provide to each Authorized GSX-R1000 Purchase Credit Award Claimant a Suzuki Purchase Credit in the amount of $500 credit towards the purchase of a new Suzuki motorcycle listed for over $8,000, or, in the alternative, a $40 credit towards either service on a Suzuki motorcycle or the purchase of genuine Suzuki parts or accessories.  Each Class Member may request and receive only one Suzuki Purchase Credit for each Qualifying GSX-R1000 owned or leased by such claimant during the Settlement Class Period.  Suzuki Purchase Credits must be redeemed within 12 months of issuance.

Lastly, for those Class Members whose Qualified GSX-R1000 motorcycles suffered damage or were destroyed, Suzuki has agreed to participate in an Arbitration process, as set forth in the Stipulation at Paragraph 27.  Arbitration Claimants will have the opportunity to arbitrate the question of whether Suzuki is responsible for any damage to their Qualifying GSX-R1000 by reason of the alleged frame design defect which is the subject of this Action.  Stipulation, at ¶ 14.

The settlement will result in the dismissal with prejudice of this case and the release of all individual and class claims that were or could be raised against

defendants.  The settlement does not release any personal injury claims, however. Additionally, Suzuki will pay the costs of the Settlement Class notice program and of claims administration.

Suzuki will also not oppose Class Representative's application for a Representative Plaintiff Award of (i) $5,000 and (ii) a new replacement motorcycle equivalent to his 2006 Suzuki GSX-R1000 or the cash equivalent.  Finally, Suzuki will not oppose Class Counsel's application for fees up to $1,000,000.00 and expenses up to $100,000.00.  The fees and expenses awarded by the Court will be paid by Suzuki separately and will not affect the relief to the Settlement Class.

**C.    The Proposed Settlement Warrants Preliminary Approval As Fair, Reasonable, and Adequate**

Three key factors warrant a preliminary finding by the Court that the Stipulation is fair, reasonable, and adequate.  First the terms of the Stipulation, which were the product of arm's-length negotiations, are fundamentally fair, reasonable, and adequate, and favor preliminary approval.  Second, the putative Class would face substantial risk of continued litigation, including the risk of obtaining (and if obtained, maintaining) class-action status for trial.  Third, this case has proceeded beyond the initial states of litigation, so the parties and the Court can fairly assess the benefits of the proposed settlement in light of the strength of the case.

**1.    The Terms Of The Stipulation Favor Preliminary Approval**

The Specific terms of the Stipulation easily meet the standard for overall fairness. *See Strube v. Am. Equity Inv. Life Ins. Co.*, 226 F.R.D. 688, 697 (M.D. Fla. 2005).  The relief offered to the Settlement Class provides the principal relief sought in this action – a meaningful extension of the warranty for Qualifying GSX-R1000 motorcycles – while

also providing a purchase credit as well as a streamlined arbitration procedure option for Class Members whose Qualifying GSX-R1000's have already suffered damage.  All Class Members are entitled to the benefits conferred under the Safety Recall Campaign.

In addition, the Stipulation provides for a release that is properly tailored to this case and is fair and reasonable.

> ### 2.    The Risks Inherent In Continued Litigation And The Risk Of Obtaining And Maintaining Class Action Status Through Trial Support Preliminary Approval

The substantial risks of continued litigation on the merits, as well as the risks associated with obtaining and maintaining class-action status for trial, also warrant preliminary approval by the Court.  First, Suzuki would raise substantial defenses and legal challenges to plaintiff's claims, many of which were previewed in defendants' motions to dismiss.  Specifically, Suzuki has claimed that the benefit under the Safety Recall Campaign, announced after this litigation was brought, addressed adequately the alleged defect in their products which were the subject of the class action.  Second, there is a risk that no class would be certified, or that if certified, the class could not be maintained throughout a trial.  These risks that a putative Class Member would face if litigation were to continue, together with the certainty that further litigation would be expensive, complex, and time consuming, as the Court proceeded to resolve the difficult and complicated issues on the merits and to decide the limits of the class certification procedure, favor the Court's approval of the Stipulation as fair, reasonable, and adequate.  *Strube*, 226 F.R.D. at 697.

### 3.      The Progress In The Litigation Favors Preliminary Approval

Finally, the terms of the Stipulation were agreed upon following sufficient litigation on the merits of plaintiff's claims, including resolution of defendants' motions to dismiss, and after extensive arm's length negotiations by experienced counsel with the assistance of a skilled mediator.  Thus, the parties and the Court are in a position to assess the strength of this case and the comparative benefits of a proposed settlement. *See Veal*, 2007 U.S. Dist. LEXIS 68133, at *9 (the court should consider the extent of discovery completed and the stage of the proceedings in making a final approval determination).  Here, the risks of continued litigation are clear from the information exchanged and investigation done to date and the issues raised in the motions to dismiss.  Moreover, the parties are in a position to assess those risks and possible litigation outcomes, as compared to the benefits gained from the specific terms of the Stipulation, including both monetary and warranty relief for Class.  Thus, the progress in this litigation favors approval of the settlement as fair.

In addition to the litigation on the merits to date, the lengthy and extensive arm's-length negotiations also indicate the fairness of the settlement that was reached.  The history of negotiations, recounted above, creates a presumption that the Stipulation's terms are facially fair, adequate, and reasonable.  *See Veal*, 2007 U.S. Dist. LEXIS 68133, at *10.

## V.      NOTICE TO AFFECTED CLASS MEMBERS

### A.      Methods of Disseminating Notice

The proposed Notice, both in terms of its content and the manner of its dissemination, satisfies the requirements of Federal Rules of Civil Procedure 23(c)(2)

and (e).  *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 145 (1974); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).

Rule 23(c)(2) states:

> For any class action certified under Rule 23(b)(1) or (2), the court may direct appropriate notice to the class.

Rule 23(e) states:

> The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
> (1)  The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.

The proposed notice in this case satisfies these requirements.

### 1.    Direct Mail

Defendants will cause the Notice to be mailed to each Class Member whose interests would be affected by the proposed settlement, who can be identified from the records maintained by Defendants.  The proposed text of the Notice is attached as Exhibit 1 to the proposed Order.  Counsel for the parties are confident that the existing address information, which will be updated in the case of returned Notices through reliable search databases, will succeed in reaching all or virtually all affected Class Members.  The proposed manner of dissemination of notice to Class Members by first class mail is the usual method of notification of class action certifications and

settlements.  *See Holman v. Student Loan Xpress, Inc.* 2009 U.S. Dist. LEXIS 113491 (M.D. Fla. November 19, 2009); H. Newberg & A. Conte, 2 Newberg on Class Actions, § 8.24 at 8-75 to 8-76 (3d ed. 1992).  In this case, the plan of Notice involves individual mailed notice likely to reach virtually all Class Members who are interested parties.

**2.     The Notice Program Includes Internet Placement**

In addition to direct mailing, a web site administered and maintained by the Settlement Administrator containing the documents will be established, listing important dates and any other information as required in the Preliminary Approval Order.

**B.     The Contents Of The Proposed Notice**

The proposed Notice also contains all of the necessary information under Rule 23(e).  *See Prudential Sales*, 148 F.3d at 327-28 & n. 86; H. Newberg & A. Conte, supra, § 8.32-8.34; C. Wright, A. Miller & M. Kane, 7B Federal Practice and Procedure, § 1797, at 368-73 (2d ed. 1986 & Supp. 1997).  The Notice presents the important information about the litigation and the terms of the proposed settlement in sufficient detail to permit each interested class member to make an informed decision about support of or opposition to the settlement and plan of allocation, as well as the requests for award of attorneys' fees and reimbursement of expenses.  As required by Rule 23(c)(2)(B), the proposed notice "concisely and clearly state[s] in plain, easily understood language:"

a.     that Class Members will be bound by the settlement and the judgment to be entered if the settlement is approved, unless they choose to opt out of the settlement;

b.     that Class Members can enter an appearance through counsel, if they desire;

c.     that the Court has scheduled a Final Fairness Hearing; and

c.     that Class Members may appear at the Fairness Hearing and file objections to the settlement, the plan of allocation, or the request for counsel fees and expenses, and setting forth the procedure and deadline for class members to follow in order to present any objections.

Finally, Rule 23(h)(1) requires that notice of Class Counsels' request for attorney's fees "must be directed to class members in a reasonable manner."   For settlement classes under Rule 23(e), "notice of class counsel's fees motion should be combined with notice of the proposed settlement.'" *Manual*, § 21.722, at 338.   The parties' proposed notice in this case apprises the Settlement Class of Class Counsel's fee request, which will be presented at the Final Fairness Hearing.

**C.     The Proposed Schedule For The Court's Consideration Of The Settlement**

The schedule of procedural steps contemplated by the proposed Order is as follows:

| Step | Factors | Date Requested (assuming preliminary approval on January 25, 2010) |
|------|---------|-----|
| Mail full Notice to all members of the Settlement Class | Date Notice first sent to Class | Begins after Preliminary Approval |
| Opt-out/Objection Deadline | 21 days before final Approval Hearing | March 5, 2010 |
| Final Approval Hearing | 1.  Court's schedule 2.  60 days after Notice Date | March 26, 2010 |
| Claims Deadline | 120 days from Final | July 1, 2010 |

| | Approval | |
|---|---|---|

The above-described program of class Notice and other procedural steps set forth in the attached form of Order fully comports with the requirements of Rules 23(c)(2) and 23(e).  Plaintiffs respectfully request entry of the form of Order attached as Exhibit 2.

### D.   The Notice Program Adequately Explains The Procedures To Request Exclusion Or To Object

Notice of a class action settlement should alert class members of the procedures to request exclusion or object.  *Manual* §§ 21.312, 21.633.  The proposed notice here notifies the Settlement Class Members of their right to exclude themselves from the Settlement Class by sending a written request for exclusion to the Claims Administrator. The notice also advises Class Members of the requirements that the request must contain the original signature of the Settlement Class Member; the Settlement Class Member's name, current address, and current telephone number; and a specific statement that the Settlement Class Member wishes to be excluded from the Settlement Class.  It also informs the Settlement Class that a request for exclusion must be post-marked no later than the date established by the Court.

In addition, the notice provides detailed instructions for Class Members who wish to a) object to the proposed settlement; b) object to the request by Class Counsel for attorneys' fees and costs; and/or c) appear in person or by counsel at the fairness hearing and be heard.  The notice alerts a Class Member that his objections to the settlement will only be considered by the Court if the member follows the procedures set forth in the notice.

17

**E.      The Notice Program Should Be Approved**

Given the narrowly-defined Class at issue in this case, the proposed notice will reach all or virtually all of the members of the Settlement Class.  The parties respectfully submit that the Court, after reviewing the form of notice and the specific terms of the notice program, should find that the procedures for notice established in the Stipulation are adequate and reasonable, meet the requirements of Federal Rule of Civil Procedure 23, and constitute the best notice practicable under the circumstances.

**WHEREFORE,** for the reasons stated, Plaintiffs respectfully request that the Court grant preliminary approval to the proposed class action settlement, and enter the proposed Order attached hereto authorizing notice to the class and scheduling the hearing on final approval of the proposed settlement.

DATED: January 27, 2010                    Ruben Honik
                                           Ruben Honik (Pa. Bar No. 33109)
                                           Stephan Matanovic (Pa. Bar. No. 83459)
                                           Golomb & Honik P.C.
                                           1515 Market Street, Suite 1100
                                           Philadelphia, PA 19102
                                           Telephone:   (215) 985-9177
                                           Attorneys for Kirk David


                                           Alexander Clark (Fla. Bar No. 813370)
                                           Winston & Clark, P.A.
                                           8211 W. Broward Boulevard
                                           Plantation, Florida  33324
                                           Telephone:   (954) 475-9666
                                           Facsimile:    (954) 475-2279
                                           Attorneys for Kirk David

DATED: January 27, 2010

Shon Morgan
_____
Shon Morgan (Ca. Bar No. 187736)
Ryan S. Goldstein (Ca. Bar No. 20844)
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100
Attorneys for American Suzuki Motor
Corporation and Suzuki Motor Corporation


Stanley H. Wakshlag (Fla. Bar No. 266264)
Ismael Diaz (Fla. Bar No. 575771)
Kenny Nachwalter, P.A.
201 South Biscayne Boulevard, Suite 1100
Miami, Florida  33131-4327
Telephone:   (305) 373-1000
Facsimile:    (305) 372-1861
Attorneys for American Suzuki Motor
Corporation and Suzuki Motor Corporation

**SERVICE LIST**

**Kirk David, et al. v. American Suzuki Motor Corporation, et al.**
**Case No. 08-22278-CIV-GOLD/MCALILEY**
**United States District Court, Southern District of Florida**

Alexander Clark, Esq.
aclark@winstonlaw.com
Winston & Clark, P.A.
8211 West Broward Boulevard, Suite 420
Plantation, Florida 33324
Telephone: (954) 475-9666
Facsimile: (954) 475-2279
Attorneys for Plaintiffs
Via CM/ECF

Stanley H. Wakshlag,
swakshlag@kennynachwalter.com
Ismael Diaz, Esq.
idiaz@kennynachwalter.com
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard
1100 Miami Center
Miami, FL 33131-4327
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
Attorneys for Defendant American Suzuki
Motor Corporation
Via CM/ECF

Ruben Honik, Esq.
Golomb & Honik, P.C.
rhonik@golombhonik.com
1515 Market Street, Suite 1100
Philadelphia, Pennsylvania 19102
Telephone: (215) 985-9177
Attorneys for Plaintiffs
Via CM/ECF

Shon Morgan, Esquire
Ryan S. Goldstein, Esquire
shonmorgan@quinnemanuel.com
ryangoldstein@quinnemanuel.com
Quinn Emanuel Urquhart Oliver & Hedges
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone:  (213) 443-3000
Attorney for Defendants
Via CM/ECF

Kimberly L. Boldt
Alters, Boldt, Brown, Rash & Culmo, P.A.
kimberly@abbrclaw.com
21 Southeast 5th Street, Suite 200
Boca Raton, Florida 33432
Telephone: (561) 955-0045
Facsimile: (561) 955-1978
Attorneys for Plaintiffs
Via CM/ECF

**CERTIFICATE OF SERVICE**

I certify that on January 27, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Ruben Honik
Ruben Honik